IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-342-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| JOEL DEVON ARTIS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a two-count indictment on 17 October 2012 with: possession with the intent to distribute a quantity of marijuana, a quantity of cocaine, a quantity of heroin, a quantity of Benzylpiperazine (BZP), a quantity of Trifluoromethylphenylpiperazine (MDPPP), and a quantity of Methylenediozpyrovalerone (MDPV) in violation of 21 U.S.C. § 841(a)(1) (ct. 1) and commission of a crime while on release in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 3147 (ct. 2). The alleged offense date in each count is 4 September 2012.

The government's proffer at the hearing showed that the charges arise from an incident on the alleged offense date in which police approached defendant and another male in response to a report of a drug transaction near a Tahoe SUV. Defendant threw a black bag into the Tahoe, a subsequent dog sniff of the bag was positive, and the bag was found to contain the drugs charged in the indictment with the exception of marijuana, which defendant disclosed was under

the hood of the Tahoe.  Defendant was also found in possession of $1,400.00 and two cellular telephones.  At the time, he was on release pending sentencing in another case in this court, no. 5:12-CR-91-D-1.  His release in that case was subsequently revoked.  (*See id.*, D.E. 42, 43).

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies.  The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention.  In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if defendant were released.  This alternative finding is based on, among other facts, the drug-related nature of the charges against defendant, his commission of the alleged offense while on release pending sentencing in another case in this court, and his extensive criminal record.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of November 2012.

_____
James E. Gates
United States Magistrate Judge