IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-91-D
No. 5:12-CR-342-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOEL DEVON ARTIS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 10, 2012, pursuant to a plea agreement [D.E. 25], Joel Devon Artis ("Artis") pleaded guilty in case no. 5:12-CR-91-D to possession with the intent to distribute a quantity of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1, 25]. On April 10, 2013, the court held Artis's sentencing hearing. See [D.E. 59]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 73] 6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Artis's total offense level to be 16, his criminal history category to be III, and his advisory guideline range to be 27 to 33 months. See Sent. Tr. 8. The court then granted the government's motion for an upward departure under U.S.S.G. § 5K2.21 and established the advisory guideline range as 120 months. See id. 13–18. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Artis to 120 months' imprisonment. See id. 18–27.

On May 10, 2012, pursuant to a plea agreement [D.E. 24], Artis pleaded guilty in case no. 5:12-CR-342-D to possession with the intent to distribute a quantity of marijuana, a quantity of bezylpiperazine (BZP), a quantity of Triflouromethylpenylpiperazine (MDPPP), and a quantity of Methylendioxpyrovalerone (MDPA) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1, 24]. On April 10, 2013, the court held Artis's sentencing hearing. See [D.E. 28]. At the hearing, the court

adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 37] 6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Artis's total offense level to be 13, his criminal history category to be III, and his advisory guideline range to be 18 to 24 months. See Sent. Tr. 30–31. The court then upwardly departed under U.S.S.G. § 4A1.3 to an advisory guideline range of 30 to 37 months. See id. 30–38. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Artis to 36 months' imprisonment to run consecutively to the sentence imposed in case no. 5:12-CR-91-D. See id. 38–50.

On September 21, 2015, in case no. 5:12-CR-91-D, Artis filed a motion for a sentence reduction under 18 U.S.C. § 3582(c). See [D.E. 81]. On July 8, 2016, the government responded in opposition [D.E. 86]. On September 21, 2015, in case no. 5:12-CR-342-D, Artis filed a motion for a sentence reduction under 18 U.S.C. § 3582(c). See [D.E. 45]. On July 8, 2016, the government responded in opposition [D.E. 48].

The court lacks discretion to reduce Artis's sentences. In each case, as the sentencing transcripts make clear, the court did not base Artis's sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010). Alternatively, even if the court had discretion to reduce Artis's sentences, it would not do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Artis's sentences, the court finds that Artis engaged in serious, violent criminal behavior. See PSR [D.E. 37] ¶¶ 7–9.

2

Furthermore, Artis has a disturbing criminal history and has performed poorly on supervision. See id. ¶¶ 6, 11–23.

Having reviewed the entire record and all relevant policy statements, the court finds that Artis received the sentences that were "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Artis's sentences would threaten public safety in light of his serious criminal conduct, serious criminal history, and poor performance on supervision. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Artis's motions for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Artis's motions for reduction of sentence [D.E. 45, 81].

SO ORDERED. This 3 day of November 2016.

                                            JAMES C. DEVER III
                                            Chief United States District Judge